# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARION EZELL DEANDRE
PARKER,

                        Petitioner,                          Case No. 21-CV-1361-JPS

v.

DYLON RADTKE                                                 **ORDER**

                        Respondent.

## 1.    INTRODUCTION

On November 29, 2021, Petitioner Darion Ezell Deandre Parker
("Parker" or "Petitioner") filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner filed two motions for
extensions of time to pay the filing fee. ECF Nos. 13, 14. On November 15,
2022, Petitioner paid the filing fee. The Court will accordingly deny the
motions to extend time to pay the filing fee as moot and screen his petition
under Rule 4 of the Rules Governing Section 2254 Proceedings.

## 2.    FACTUAL BACKGROUND

In 2015, following a jury trial in Milwaukee County Case Number
2014CF004284, Parker was convicted of three charges: Armed Robbery with
Threat of Force, Armed Robbery with Threat of Force, and 2nd-Degree
Recklessly Endangering Safety, all as a party to a crime. ECF No. 1. at 2. [1]

---

[1] *State of Wisconsin v. Darion Ezell Parker,* Milwaukee Cnty. Case No. 2014CF004284,
https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF004284&countyNo=40&idex=0
&mode=details (last visited Feb. 3, 2023).

According to Parker, he was sentenced to a term of 18 years' imprisonment and 14 years' extended supervision. ECF No. 1 at 2.

Parker's appellate counsel filed a no-merit report, contending that no grounds existed for a meritorious appeal. Parker filed a response. *State v. Parker*, 2020 WL 13357373, at *1 (Wis. Ct. App. Dec. 15, 2020). In that appeal, he argued that there was insufficient evidence to support a guilty verdict, that he did not validly waive his right to testify at trial, that his trial counsel was ineffective in various ways, and that the circuit court abused its discretion in sentencing. *Id.* at *2–*7. As to the ineffective assistance claims, he specifically alleged that his trial counsel was ineffective: (1) in cross-examining the three victims; (2) by failing to seek suppression of the victims' out-of-court identifications of him in the photo array; (3) for failing to request jury instructions on lesser-included offenses; (4) by failing to object to certain remarks the State made during closing argument; (5) during plea negotiations; (6) in the plea bargaining process because trial counsel did not explain to him the maximum sentence that he faced upon conviction; and (7) because counsel told him that she was prepared to attack the armed robbery charges and advised him to reject the State's proposed plea agreement. *Id.* The Wisconsin Court of Appeals addressed each of Parker's bases for appeal and affirmed the trial court's order and judgment. *Id.* at *1.

Parker petitioned for review to the Supreme Court of Wisconsin. On March 24, 2021, the Supreme Court of Wisconsin denied review. *State v. Parker*, 2021 WL 9759503 (Table) (Wis. 2021). Parker indicates he filed no state post-conviction relief other than the direct appeal. ECF No. 1 at 4.

Now, Parker seeks habeas relief on the following four grounds: (1) trial counsel was ineffective by failing to use available impeachment

evidence; (2) trial counsel was ineffective during pre-trial stages; (3) trial counsel was ineffective by failing to adequately explain the plea before proceeding to trial; and (4) trial counsel was ineffective by failing to request a lesser included jury instruction. ECF No. 1 at 6–9.

## 3. ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

### 3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Case 2:21-cv-01361-JPS    Filed 02/13/23    Page 3 of 8    Document 16

Here, the Wisconsin Supreme Court denied Parker's petition for review on March 24, 2021. *Parker*, 2021 WL 9759503. Parker did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on June 22, 2021. Parker then had one year in which to file his petition (i.e., until June 22, 2022). Thus, it appears that Parker's federal habeas petition, filed on November 29, 2021, ECF No. 1, is timely.

### 3.2    Exhaustion

Next, the Court analyzes whether Parker fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' December 15, 2020 order, and the Wisconsin Supreme Court's denial of review, it appears that Parker has fully exhausted each of the four grounds in his present petition.

### 3.3 Procedural Default

The Court next determines whether Parker has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it does not plainly appear that Parker has procedurally defaulted on his claims.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Parker's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Parker's claims, it does not plainly appear that they are frivolous.

## 4. CONCLUSION

Parker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that Petitioner's motions for an extension of time to pay the filing fee, ECF Nos. 13, 14, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1.      Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.      If Respondent files an answer, then the parties should abide by the following briefing schedule:

a.      Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b.      Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

c.      Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3.      If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a.      Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b.      Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2023.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge

<div style="border: 1px solid red; color: red;">

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.

</div>