# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARION EZELL DEANDRE PARKER,**

    **Petitioner,**

    v.                                         **Case No. 21-CV-1361**

**BRIAN CAHAK,**

    **Respondent.**

## ORDER APPOINTING COUNSEL

Darion Ezell Deandre Parker, who is currently incarcerated at the Oshkosh Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Parker was convicted of one count of second-degree recklessly endangering safety and two counts of armed robbery, threat of force, all as a party to a crime. (*Id.* at 2.) Parker was sentenced to 18 years of incarceration followed by 14 years of extended supervision. (*Id.*) Parker raises four grounds for relief in his habeas petition, each claim grounded in the alleged ineffective assistance of his trial counsel. (*Id.* at 6–9.)

The court screened the petition and set a briefing schedule. (Docket # 16.) After the parties briefed the petition, the Honorable Judge J.P. Stadtmueller issued a decision dated January 21, 2025 denying several of Parker's claims as procedurally defaulted and denying several others on their merits. (Docket # 36.) The sole remaining ground for relief is Parker's claim that trial counsel was constitutionally ineffective during the plea stage of the proceedings because she gave him insufficient time to consider a plea offer on the morning of trial and failed to inform Parker either of the maximum sentence or the likely sentence that

he faced if he took that offer before advising him to reject it. (*Id.* at 39–40.) The Wisconsin Court of Appeals rejected Parker's argument, finding that Parker had known the maximum penalties he faced since his initial appearance and noting that sentencing decisions rest within the trial court's discretion. (*Id.* at 40.)

Judge Stadtmueller concluded that the Wisconsin Court of Appeals unreasonably applied the clearly established Supreme Court precedent as set forth in *Lafler v. Cooper*, 566 U.S. 156 (2012). (*Id.* at 41–43.) He further concluded, however, that it was unclear whether Parker could demonstrate deficient performance and prejudice because the record requires further factual development. (*Id.* at 45.) Judge Stadtmueller specifically stated that the Court lacked information on several relevant points, including:

- Trial counsel's recollection and records of the events;
- Whether Parker historically expressed to trial counsel and/or to others a desire to resolve his case by plea or to proceed to trial;
- The specificities of the morning-of-trial plea offer;
- Whether the State agreed to recommend any particular sentence as part of the plea offer; and
- Any factors, guidelines, and computations then relevant and applicable to sentencing had Parker accepted the plea offer.

(*Id.* at 46.) Judge Stadtmueller referred this matter to me to conduct an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases and to issue a report and recommendation as to whether Parker is entitled to relief under *Lafler*. (*Id.* at 47–48.) Judge Stadtmueller further referred to me whether counsel should be appointed to represent Parker

2

Case 2:21-cv-01361-JPS-NJ    Filed 01/22/25    Page 2 of 4    Document 37

for purposes of "the evidentiary hearing, preparation therefor, and any post-hearing briefing that Magistrate Judge Joseph may order." (*Id.* at 47.)

Rule 8(c) of the Rules Governing Section 2254 Cases provides that if an evidentiary hearing is warranted, "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" if counsel is asked to represent an indigent petitioner. 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

As to financial eligibility, Parker does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1362 n.6 (7th Cir. 1987) ("The Criminal Justice Act . . . merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency."). In October 2022, Judge Stadtmueller concluded that Parker, whose prison trust account statement showed average monthly deposits of $167.46 and an average monthly balance of $1,056.14, was financially able to pay the one-time fee of $5.00 required for the filing of habeas corpus petitions. (Docket # 11.) The cost of retaining an attorney, however, is significantly higher than $5.00 and is an on-going, rather than a one-time, cost. While the information in Parker's trust account statement found on the docket is a bit dated, given Parker's continued incarceration, his financial situation has presumably not improved greatly. Furthermore,

although Parker bears the burden of demonstrating financial eligibility, "'[a]ny doubts as to a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time.'" *Gish v. Dittmann*, 291 F. Supp. 3d 864, 876–77 (W.D. Wis. 2017) (quoting Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b)). Thus, I find Parker is financially eligible for appointment of counsel.

I further find that the appointment of counsel would serve the interests of justice in this case. Judge Stadtmueller has ordered an evidentiary hearing to be conducted in this case. Evidentiary hearings necessarily involve significant preparation, including subpoenaing of witnesses. Given Parker is incarcerated and the scope of the factual issues Parker is called upon to develop in support of his habeas petition, providing the assistance of counsel will serve the interests of justice.

As Judge Stadtmueller stated in his Order, the scope of representation of appointed counsel is limited to the evidentiary hearing, preparation therefor, and any post-hearing briefing ordered. (*See* Docket # 36 at 47.)

**NOW, THEREFORE, IT IS ORDERED** that the Federal Defender Services appoint counsel for Parker consistent with this Order. After counsel is appointed and enters an appearance in this case, the Clerk's Office will schedule an initial conference with the parties.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge